WILL OF HORKAN: HORKAN and another, Executors, Appellants, vs. WINNIE, Respondent.

*April 5—May 3, 1927.*

*Wills: Construction: Child of deceased beneficiary: Participation by right of representation.*

A will which directed the payment of the income from the residue of the estate for a stated period to testator's children and to the issue of deceased children by right of representation in the proportion of forty per cent. among the daughters and sixty per cent. among the sons, and a distribution of the residue thereafter among his children in the same proportion, "the issue of any deceased child taking by right of representation," is construed to entitle an orphan granddaughter, on the death of the testator with five daughters surviving, to one sixth of forty per cent. of the income and the residue.

APPEAL from an order of the county court of Sauk county: JAMES H. HILL, Judge. *Affirmed.*

The executors of the will of George Horkan applied for construction of said will as to the rights of the respondent.

Respondent was the only child of Nellie Winnie, a daughter of the deceased. Mrs. Winnie died in 1912, *Helen* then being seven years old. Mrs. Horkan died in September, 1922, the will was made November 17, 1922, a codicil in April, 1923; later that year George Horkan was placed under guardianship and died March 5, 1925, then eighty-five. He left an estate of over $100,000; five sons; five daughters; and eighteen grandchildren.

The recitals in the will deemed material are as follows:

(a) To a son *James William*, $100 and no more because said son had received a gift of a farm worth around $12,000 and because there was given $800 to his six children.

(b) To the son John Henry, $10,000 under conditions as to its investment and forgiving a debt of $2,000 with accrued interest.

(c) To the son Stephen, $4,000, forgiving debts from

him of about $8,500; reciting a prior gift of a home valued at $2,000; and a gift of $300 to two of his children.

(d) No bequest to the son Frank Edward because of a gift to him of a farm fifteen years before the will.

(e) Any indebtedness from the son *George T.* was forgiven and a recital of prior gifts to him of $3,800 and $9,000, twenty and seven years respectively before then.

(f) To the daughter Mary Elizabeth Donahoe, $7,500 and $100 to her daughter.

By codicil in April, 1923, this provision for Mary Elizabeth was canceled and made void because of other provisions for her and recited: "In all other respects the said will shall stand and remain valid and subsisting as originally written, the said Mary Elizabeth Donahoe *participating with my other daughters* to the extent set forth in a subsequent clause in the said will." (Such being the twelfth clause, hereinafter set forth.)

(g) No specific devise to the daughter Helena, because of a recited gift of $7,000.

(h) To Caroline Agnes, a daughter, $5,300, reciting a former gift of real estate.

(i) To Sarah Theresa, a daughter, no specific gift because of a $5,000 gift and a deed of a one-half interest in certain real estate.

(j) To the daughter *Catharine Anne,* $4,500, reciting the conveyance to her of the other half interest in such real estate.

(k) To the two sons of *James William,* $200 each, and to his four daughters $100 each, a total of $800.

(l) To the six children of Mary Elizabeth, $600.

(m) To two other grandchildren, $100 each.

It is also recited, in referring to a bequest to a grandchild: *"thus providing for all of said grandchildren."*

The material parts of the residuary or twelfth clause, construction of which was applied for, together with the

eleventh clause, necessarily considered in connection there-with, are inserted in the opinion.

From the construction by the trial court the executors appeal.

For the appellants there was a brief by *R. P. Perry* of Reedsburg and *Olin & Butler* of Madison, and oral argument by *Emmert L. Wingert* and *R. M. Rieser,* both of Madison.

For the respondents there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Dorothy Walker* and *Daniel H. Grady.*

ESCHWEILER, J.   The issue presented is as to the construction of the twelfth clause of the will, which provided, in substance, that the residue left after payment of debts and bequests should be invested by the executors, they paying the annual interest or income unto his children and "the issue of any deceased child by right of representation" in the proportion of forty per cent. between the daughters and sixty per cent. between the sons; should any child die without issue the share of such income to which such deceased child would be entitled shall be equally divided "between the children living and the issue of any deceased child by right of representation." "The issue of any of my deceased sons or daughters shall take by right of representation."   At the expiration of eight years the residue shall be divided between his children, namely, forty per cent. to his daughters and sixty per cent. to his sons, "the issue of any deceased child taking by right of representation, and if any child shall die without issue, then the share to which any deceased child would be entitled to be divided equally between the living children or the issue of any deceased child by right of representation."

The material portions of the eleventh clause are: "*I hereby provide* for my grandchild *Helen Winnie* as follows;" a gift is then made to the two sons, the executors, in trust,

of the sum of $500 to be invested, and adding yearly to the principal five per cent., or more if obtained, and so continued until *Helen* shall become twenty-one years old, to whom they shall then pay the $500 with all accrued interest; "should the said *Helen Winnie* die before attaining twenty-one years, then said sum with its accumulated interest shall be added by my said executors to the residue of my estate, to be divided between my heirs as set forth in clause 12."

The construction given by the trial court to this twelfth clause was to permit the grandchild, *Helen Winnie,* respondent here, to receive during the eight years period of trust one sixth of forty per cent. of the annual income, and on its termination one sixth of forty per cent. of the residue then to be distributed; in other words, to be treated just as would her mother have been .if she had survived the testator.

The executors, appellants here, contend that respondent *Helen* should be excluded from any participation in the estate except to the extent of the $500 and accrued interest provided for in the eleventh clause; that, construing the will as a whole, there is disclosed the intention of the testator to so limit the granddaughter *Helen.*

So far as the will itself is concerned it discloses no gift or advancement of any kind having been made to *Helen's* mother during the latter's lifetime, such as had been given to all of the other children. It is quite evident that the testator had a kindly feeling toward *Helen,* the only orphan grandchild, as shown by the gift of $500, considerably larger than that made to any other grandchild of the eighteen, although less in amount than that given to each of two separate sets of grandchildren. It further appeared that she lived in testator's family continuously after the death of her mother in 1912.

To support their position the appellants urge many suggestions which may be summarized as follows:

Because of the apparent difference as to the manner and time of obtaining possession, holding, and disposing of the

$500 fund under the eleventh clause and of the tenfold larger amount coming to her under the twelfth clause if she take thereunder; the possibly different disposition to be made of the two items if she die before coming into possession; that guardianship might be necessary as to the larger amount, but obviated as to the $500 by the executors being made trustees thereof; the possibly greater power of disposal she would have of her share than her uncles and aunts have of their respective shares under the twelfth clause, if she be held to take thereunder.

Because of the use of the phrase in the eleventh clause, "I hereby *provide* for my grandchild *Helen Winnie* as follows," when contrasted with the phrase "give and bequeath" as found used in the will in speaking of all gifts to the other grandchildren as indicating that such *provision,* as distinguished from a mere specific bequest, was intended to be an exclusive provision and all-embracing of his bounty towards this grandchild.

Again, because in the codicil above quoted, canceling the gift to one of the daughters, the phrase was used that such daughter shall participate, under the twelfth clause, "with my other *daughters,*" and making no reference therein to the then living *Helen,* now held to participate as representing her long predeceased mother, there is indicated either an intention to exclude the grandchild *Helen* as a possibly equal participant with the daughters then living, or that at least it shows the testator must have understood and intended the twelfth clause to exclude as intended, possible participants thereunder, any but the *then living sons and daughters.*

Further, that the terms of the will show that the testator had in mind the right of representation coming into effect only through and by the death of son or daughter subsequent to the making of the will or his own death.

Again, that the construction adopted does violence to the general purpose and scheme of the will and disarranges the

supposed proportionate equality between testator's several living sons and daughters. Also, that it leaves uncertain and too indefinite for proper enforcement the question whether, if *Helen* takes at all under the twelfth clause, it shall be one eleventh of the entire fund or, as determined by the court below, one sixth of forty per cent. of it.

There is not sufficient force, however, in these suggestions to convince us that the trial court was anything but entirely correct in his construction.

Standing alone, the twelfth clause clearly places the respondent *Helen,* sole child of a deceased daughter, on an equal footing with her aunts. As a separate sentence of the twelfth clause the testator expressly and imperatively said: "The issue of any of my deceased sons or daughters shall take by right of representation." *Helen Winnie* comes within this mandate. At four other places in this same clause the idea of right of representation is carefully and clearly expressed. It is the natural and proper way, recognized as such by our statutory law, for cases of intestacy. Were there any intent by testator to exclude *Helen,* the orphan grandchild, from participating, here would be the clause for the testator to so declare his intention. We find nothing in this twelfth clause indicating other than that *Helen Winnie* was intended to stand, by right of representation, as would her mother if the latter had survived the testator.

Nothing in the suggestions by appellants as to the eleventh clause or other parts of the will makes us doubt the correctness of the conclusion reached by the court below and here approved.

*By the Court.*—Order affirmed.